HANSON BRIDGETT LLP
SANDRA L. RAPPAPORT - 172990
srappaport@hansonbridgett.com
WALTER R. SCHNEIDER - 173113
wschneider@hansonbridgett.com
JILL N. CARTWRIGHT - 209479
jcartwright@hansonbridgett.com
ADAM W. HOFMANN - 238476
ahofmann@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Plaintiff
CVPARTNERS, INC.

DILLINGHAM & MURPHY LLP
CARLA J. HARTLEY - 117213
cjh@dillinghammurphy.com
BROOKE S. PURCELL – 260058
bsp@dillinghammurphy.com
225 Bush Street, 6th Floor
San Francisco, California 94104
Telephone: (415)397-2700
Facsimile: (415) 397-3300

Attorneys for Defendants
JEANMARIE BOBEN, TYLER HUBBS,
MATTHEW HINDE AND PATRICIA REDINGTON

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CVPartners, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JEANMARIE BOBEN, an individual; TYLER HUBBS, an individual; MATT HINDE, an individual; and PATRICIA REDINGTON, an individual; ANDY DUNAYCZAN, an individual; and DOES 1-15,<br><br>Defendants. | No. CV 09 00689 SI<br><br>STIPULATION AND [PROPOSED] ORDER FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY |

CASE NO.: C-09-00689 SI
PAGE 1
STIPULATION AND [PROPOSED] ORDER FOR TEMPORARY
RESTRAINING ORDER AND EXPEDITED DISCOVERY,

Plaintiff CVPARTNERS, INC. ("CVPartners") and Defendants JEANMARIE BOBEN, TYLER HUBBS, MATTHEW HINDE, and PATRICIA REDINGTON ("Defendants"), by and through their respective counsel of record, hereby stipulate as follows:

1. Except as provided in paragraph 2 below, Defendants, and each of them, agree to return all CVPartners property and documents to CVPartners' counsel within two business days of execution of this Stipulation by all parties, with a declaration under penalty of perjury from each Defendant affirming that each has done so.

2. Defendants shall be permitted to retain all electronically and/or Internet stored data and information obtained from CVPartners or in connection with their employment with CVPartners, including data and information which CVPartners claims as its data and information, subject to the following conditions:

(a) Defendants, and each of them, agree to identify by declaration under penalty of perjury, within two business days of execution of this Stipulation, all devices capable of storing, transferring or processing data ("Devices") in each of their respective possession and/or under their respective control at any time within the last six (6) months which presently contain or have ever contained data or information obtained from CVPartners or in connection with their employment with CVPartners. Except as provided in sub-paragraph (b) below, Defendants, and each of them, further agree within that same timeframe, to produce all of said Devices still in their possession and/or under their control for inspection and/or imaging by CVPartners' retained computer forensic expert, Lynell Phillips. Defendants, and each of them, further agree that if any of the Devices are encrypted or password protected, Defendants will take reasonable steps to decrypt, disable passwords or otherwise enable Phillips to examine the Devices. Defendants also agree to produce all cables needed for any Device, such

as a cell phone, that syncs to a computer. Phillips shall be permitted to image or otherwise copy the drives, files or other data storage of each Device produced for inspection. Plaintiff agrees to notify Defendants' counsel when Phillips completes the imaging process for each of the Devices, which will be within 2-3 business days of Phillips' receipt of them, so that Defendants can retrieve the Devices from Phillips immediately thereafter. Phillips shall image any cell phones received first and those cell phones will available to be retrieved by Defendants within one business day of Phillips' receipt of the Devices. The parties expressly agree that Plaintiff's return of the Devices to Defendants shall not constitute a determination or admission that the Devices do not contain confidential or proprietary information belonging to CVPartners or that Defendants are entitled to possess or use said information.

(b) Defendant Jeanmarie Boben ("Boben") agrees that her declaration will include a description of the limited use of her husband's computer to transfer data covered by 2(a) to her computer, and confirming that said data is currently stored on one or more Devices she will be producing for examination and has been removed from her husband's computer. Boben's husband's computer shall be excluded from the Devices Defendants provide to Lynell Phillips pursuant to sub-paragraph 2(a) above.

(c) Lynell Phillips' examination or inspection as described in sub-paragraph 2(a) shall be subject to and conditioned on the provisions of the separate Stipulated Protective Order Re Examination of Electronic Devices executed between the parties and Lynell Phillips, a copy of which is attached hereto as Exhibit A. Defendants' obligation to produce the Devices to Phillips for examination is conditioned on Phillips and Plaintiff signing Exhibit A.

CASE NO.: C-09-00689 SI
PAGE 3
STIPULATION AND [PROPOSED] ORDER FOR TEMPORARY
RESTRAINING ORDER AND EXPEDITED DISCOVERY,

(d) Except as to "Contact Information" (see paragraph 3 below), once Ms. Phillips has completed her examination of the Defendants' Devices, the parties agree to meet and confer concerning identifying any information or data belonging to CVPartners. As to any information or data which both parties agree will be removed from the Devices, Defendants, and each of them, agree to provide Plaintiff with copies and delete or erase (as directed by Plaintiff) such information or data from the Devices. Defendants further agree to provide their Devices to Ms. Phillips for confirmation that such data or information has been wholly removed from the Devices and not moved or copied to any other location. As to any information or data on the Devices on which the parties cannot reach an agreement, either party may seek a Court order concerning said information or data.

(e) Except as to "Contact Information," Defendants agree that pending an agreement of the parties or court order, they will not access, transfer, copy, use, alter, erase or destroy any data or information obtained from CVPartners or in connection with their employment with CVPartners which is stored on any of their Devices.

(f) Defendants, and each of them, agree that within two business days of execution of this Stipulation they will make any and all Internet-based networking sites where Defendants, or any of them, have stored any CVPartners Contact Information, inactive and/or otherwise hidden so that it is not accessible, viewable or reachable by anyone, including Defendants, and each of them. This sub-section shall not apply to Tyler Hubbs' Santa Clara Alumni account, which will be subject to the provisions of paragraph 4 below. This provision shall remain in effect until March 23, 2009 but may be extended by stipulation or court order.

CASE NO.: C-09-00689 SI
PAGE 4
STIPULATION AND [PROPOSED] ORDER FOR TEMPORARY
RESTRAINING ORDER AND EXPEDITED DISCOVERY,

3. As used in this Stipulation, "Contact Information" means the name and any other related information for any client or candidate where the client and/or candidate is known to Defendants, or any of them, through or because of any of Defendants' previous employment with CVPartners. The parties understand and agree that "Contact Information" is intended to be broader than information belonging to CVPartners, CVPartners' proprietary information, and CVPartners' confidential information and the designation of information as Contact Information pursuant to this Stipulation shall not constitute a determination or admission that Defendants are not entitled to possess or use said information.

4. The parties agree to further meet and confer concerning any disputes regarding Contact Information. Defendants, and each of them, agree that in order to facilitate further meet and confer concerning Contact Information, they will not use or disclose any Contact Information, including specifically that they will not contact or solicit business from any such clients or candidates, either directly or through any third party. This provision shall remain in effect until March 23, 2009 but may be extended by stipulation or court order.

5. While this lawsuit is pending, Defendants' counsel may retain copies of any documents, data and/or information returned to Plaintiff pursuant to paragraph 1 above or to be returned by Defendants to Plaintiff or destroyed pursuant to paragraph 2(d) above. Said documents, data and/or information shall be designated as solely for use in this litigation pursuant to the terms of a stipulated protective order executed by the parties and their counsel.

6. The parties agree that they will not make any disparaging statement of any kind or any nature against the other parties. The parties expressly agree that this agreement does not preclude them from providing truthful information in connection with any legal proceeding, including but not limited to this action or any proceeding before the California Employment Development Department.

7. The parties agree that Defendants, and each of them, will appear for deposition at the offices of Hanson Bridgett within twenty-one (21) days of execution of this Stipulation. The parties agree to cooperate in scheduling so that said depositions may be completed within said 21-day period. Said deposition will be limited in scope to the allegations of Plaintiff's Complaint and basis therefore and will be limited in duration to no longer than three and one-half hours.

8. The parties agree that Defendants, and each of them, will respond in writing and under oath, prior to deposition, to up to ten (10) interrogatories and five (5) requests for production of documents and things, within ten (10) days of personal service. The parties agree that the scope of the interrogatories and requests for production of documents will be the same as that outlined for the depositions in paragraph 7.

9. The parties agree that Plaintiff shall produce for deposition four agents or employees, namely Kent Gray, Brendan Metcalf, Michael McLaughlin and one to be determined based on Plaintiff's responses to written discovery, at the offices of Dillingham & Murphy, LLP within twenty-one (21) days of execution of this Stipulation. The parties agree to cooperate in scheduling so that said depositions may be completed within said 21-day period. Said deposition will be limited in scope to the allegations of Plaintiff's Complaint and basis therefore. Each deposition will be limited in duration to no longer than three and one-half hours. The parties further agree that the depositions shall alternate between those noticed by Plaintiff and those noticed by Defendants.

10. The parties agree that Plaintiff will respond in writing and under oath, prior to deposition, to up to ten (10) interrogatories and five (5) requests for production of documents and things propounded by each Defendant, within ten (10) days of personal service. The parties agree that the scope of the interrogatories and requests for production will be the same as that outlined for the depositions in paragraph 9.

11. The time spent deposing any individual pursuant to this Stipulation shall not extend the 7 hour rule set forth in FRCP 30(d)(1) in the absence of a court order or further stipulation of the parties. The parties acknowledge and agree that the limited depositions taken pursuant to this stipulation do not affect, alter, or reduce the parties' right to further depose such witnesses and/or to depose additional witnesses in accordance with the Federal Rules of Civil Procedure.

12. Defendants are entering into this Stipulation voluntarily solely to facilitate and expedite resolution of this Action. Nothing in this Stipulation nor the Court's entry of this Stipulation as a Temporary Restraining Order shall: (a) constitute or be construed as an admission of liability by any Defendant on any allegation made in Plaintiff's Complaint; (b) constitute or be construed as an admission or determination that Plaintiff is legally entitled to a temporary restraining order against Defendants, including but not limited to a determination or admission that Plaintiff has established a likelihood of success on the merits and/or a substantial threat of irreparable harm; (c) constitute or be construed as an admission or determination that Plaintiff would be legally entitled to the same terms in a Court ordered temporary restraining order or other injunctive relief; or (d) preclude any party from seeking relief from the Court on any of the issues covered by this Stipulation.

**IT IS SO STIPULATED** between the parties.

DATED: March 3, 2009                                HANSON BRIDGETT LLP


By: ___/s/___
SANDRA L. RAPPAPORT
Attorneys for Plaintiff
CVPARTNERS, INC.

CASE NO.: C-09-00689 SI
PAGE 7
STIPULATION AND [PROPOSED] ORDER FOR TEMPORARY
RESTRAINING ORDER AND EXPEDITED DISCOVERY,

| | | |
|---|---|---|
| 1 | DATED: March 3, 2009 | DILLINGHAM & MURPHY LLP |
| 2 | | |
| 3 | | By: _[signature]_ |
| 4 | | CARLA J. HARTLEY<br>Attorneys for Defendants |
| 5 | | JEANMARIE BOBEN, TYLER HUBBS,<br>MATT HINDE AND PATRICIA<br>REDINGTON |
| 6 | | |
| 7 | **IT IS SO ORDERED:** | |
| 8 | | |
| 9 | DATED: March   , 2009 | _[signature]_ |
| 10 | | HONORABLE SUSAN ILLSTON<br>U.S. District Court Judge |

CASE NO.: C-09-00689 SI
PAGE 8
STIPULATION AND [PROPOSED] ORDER FOR TEMPORARY
RESTRAINING ORDER AND EXPEDITED DISCOVERY,