IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CVPARTNERS INC., | No. C 09-689 SI |
| Plaintiff, | **ORDER DENYING MOTIONS TO DISMISS COUNTERCLAIMS OF JEANMARIE BOBEN AND TYLER HUBBS** |
| v. | |
| JEANMARIE BOBEN, *et al.*, | |
| Defendants. | |

Plaintiff's motions to dismiss defendants' counterclaims are scheduled for a hearing on May 15, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motions are appropriate for resolution without oral argument, and VACATES the hearing.

**BACKGROUND**

Plaintiff CVPartners, Inc., filed this lawsuit against former employees Jeanmarie Boben, Tyler Hubbs, Matt Hinde, Patricia Redington, Andy Dunayczan, and Does 1-15, alleging that while defendants were employed with CVPartners they "unlawfully and without authorization accessed CVPartners' computer systems and took proprietary and valuable confidential information belonging to CVPartners, for use by them to form a competing business." Compl. ¶ 4. The complaint alleges that CVPartners terminated defendants' employment as soon as the company discovered the alleged misappropriation of confidential business information. *Id*. ¶ 60. The complaint alleges claims under the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq.*, as well as claims for conversion, breach of contract, breach of the duty of loyalty, misappropriation of trade secrets, unfair competition, and computer abuse.

Defendants Boben, Hubbs, Hinde and Redington each filed identical counterclaims.[1] The counterclaims allege that CVPartners failed to pay defendants for all commissions earned during defendants' employment, and seek an accounting and waiting time penalties.

**DISCUSSION**

Plaintiff moves to dismiss defendants' counterclaims for lack of jurisdiction. Plaintiff contends that the counterclaims are factually attenuated from plaintiff's claims, and thus that there is no basis for supplemental jurisdiction under 28 U.S.C. § 1367. Defendants assert that the Court has jurisdiction over the counterclaims because they are compulsory and arise out of the same "transaction or occurrence" giving rise to plaintiff's claims. Alternatively, defendants contend that the counterclaims are permissive because they are factually connected to plaintiff's claims. Under either theory, defendants contend that jurisdiction exists because "the same alleged facts which led to CVPartners' claims also resulted in CVPartners' termination of Counterclaimants' employment," and it is that defendants' termination which gives rise to their counterclaims for accounting and waiting time penalties.

28 U.S.C. § 1367 states that district courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Whether defendants' counterclaims are characterized as compulsory or permissive, at a minimum they must meet Section 1367's requirement that counterclaims be "so related" to plaintiff's claims that they form part of the same constitutional case.[2]

The Court finds that while defendants' counterclaims do not directly arise out of plaintiff's claims that defendants' misappropriated confidential business information, the counterclaims form part of the same case or controversy because they arise out of defendants' employment at CVPartners. "A

---

[1] Plaintiff has settled with defendants Hinde and Redington.

[2] In 1990, Congress enacted the supplemental jurisdiction statute, 28 U.S.C. § 1367. The Ninth Circuit has not explicitly addressed the issue of whether courts should still engage in a compulsory/permissive counterclaim analysis in light of Section 1367. *See generally Sparrow v. Mazda American Credit*, 385 F. Supp. 2d 1063 (E.D. Cal. 2005) (discussing compulsory and permissive counterclaim analysis and surveying cases since enactment of § 1367).

2

loose factual connection between the claims is generally sufficient." *Ammerman v. Sween*, 54 F.3d 423, 424 (3d Cir. 1995) (citing 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3567.1, at 117 (2d ed. 1984)); *see also Campos v. Western Dental Servs. Inc.*, 404 F. Supp. 2d 1164, 1168-69 (N.D. Cal. 2005) (exercising supplemental jurisdiction where claim and counterclaim factually and legally distinct but were "offshoots of same basic transaction"). Having determined that jurisdiction exists under § 1367(a), the Court further finds that there is no basis under § 1367(c) to decline jurisdiction over the counterclaims. Accordingly, the Court DENIES plaintiff's motions.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motions to dismiss defendants' counterclaims. Docket Nos. 33, 35, 37 & 39.

**IT IS SO ORDERED.**

Dated: May 13, 2009

SUSAN ILLSTON
United States District Judge